UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

In re:                                          HEARING DATE:        MAY 29, 2024
                                                HEARING TIME:          9:15 AM
          ARDEX INTERNATIONAL COMPANY           HEARING LOCATION: ALBANY, NEW YORK


                                   Debtor.      CASE NO. 22-10312
------------------------------------------------------------------ CHAPTER 7


------------------------------------------------------------------------------------------------------


MOTION CONFIRMING COMPLIANCE WITH
BANKRUPTCY COURT ORDER DATED JANUARY 13, 2023 DOCKET 61
PURSUANT TO 11 U.S.C. SECTION 105(a)


------------------------------------------------------------------------------------------------------


The motion by City of Troy, New York (hereinafter referred to as "Troy"), a

secured creditor for an Order confirming compliance with Order of this Court Granting Relief from

Automatic Stay (Docket 61) by and through its attorneys, Marinstein & Marinstein, Esqs., PLLC

(Edward R. Marinstein, Esq. of Counsel) represents as follows:

(1)      On April 8, 2022 debtor filed a Chapter 7 in bankruptcy in the Northern

District of New York.

(2)      On information and belief, the principals of debtor had and have irreconcilable

differences which resulted in an action pending in Rensselaer County Supreme Court. Said action

has been pending since 2019. During the period the principals were in dispute, property taxes going

back to 2017 were not paid to Troy. On the date of the bankruptcy filing, debtor owed Troy, a

secured creditor approximately $546,000 in property taxes plus interest at 36% per annum from May

1, 2022. An in rem was pending on the six parcels at the time bankruptcy was filed. The addresses

of the six parcels are 744 Pawling Avenue, 768 Pawling Avenue, 756 Pawling Avenue, 762 Pawling

-1-

Avenue, Pawling Avenue (Tax Map No. 112.83-3-4) and Pawling Avenue (Tax Map No. 112.84-3-4).

(3)     An offer for $1,050,000 to purchase debtor's six parcels of land in Troy, New York (same property having past due taxes) was made to the Chapter 7 Trustee. Based on how the properties were owned; in order to clear title, debtor and the two principals of debtor had to agree to sign a deed.

(4)     The principals of debtor would not agree to the offer. The Chapter 7 Trustees' hands were tied.

(5)     In order to break the stalemate, Troy moved to vacate the stay to continue the in rem proceeding to clear title and to sell the parcels to satisfy the delinquent taxes with surplus monies going to the Chapter 7 Trustee. A copy of the January 13, 2023 Order Granting Relief From Automatic Stay (Docket 61) is attached as Exhibit 1. Said Order terminated the automatic stay for the six parcels set forth in Exhibit 1.

(6)     Said Order (Docket 61) provided that upon Troy obtaining title to said parcels through the in rem process, Troy will use a good faith effort to market said parcels for sale. Said Order also provided that in the event that net surplus monies remain after satisfying sums owed Troy including (a) payment of real property tax liens with interest and penalties; and (b) payment of costs, legal fees and brokers fees incurred in bringing the in rem action and marketing the parcels; the net surplus monies will be turned over to the bankruptcy estate for administration after said real property is sold.

(7)     On February 15, 2023 this Court issued an Order Denying Motion to Reconsider. A copy of said Order is attached as Exhibit 2.

-2-

(8)    On or about March 23, 2023, Troy obtained title to four parcels being 744 Pawling Avenue; 768 Pawling Avenue; 756 Pawling Avenue and 762 Pawling Avenue Troy, New York through the in rem process.  Two vacant lots that have an address of Pawling Avenue being tax map numbers 112.83-3-4 and 112.84-3-4 were redeemed by debtor.  As a result, Troy was unable to obtain title to said two parcels through the in rem process.

(9)    Upon obtaining title, Troy sent out RFP to obtain a qualified real estate broker to market and sell the four parcels now owned by Troy.

(10)    Heer Realty Inc. was awarded the bid and after finalizing contract issues, the property was marketed.

(11)    The attached Broker's Affidavit of Dean Heer sworn to on April 23, 2024 demonstrates the good faith efforts used to obtain a contract to purchase the four parcels for a reasonable price being $762,000.

(12)    As set forth in Mr. Heer's affidavit, by debtor or any of debtor's principals redeeming two of the parcels, (tax map numbers 112.83-3-4 and 112.84-3-4), the price one could obtain in a sale of the remaining four parcels was negatively affected.  Exhibit D attached to the Broker's Affidavit of Dean Heer sworn to on April 23, 2024 (being a copy of the tax map showing the layout of the parcels), shows how not having tax map number 112.84-3-4 (.64 acres) to sell has negatively affected the value of the four parcels for sale.  The offers in the $1 million range were for all six parcels, not four parcels.

(13)    By either or both of the two principals of debtor (a) making the decision not to pay real property taxes going back as far as 2017; (b) not agreeing to accept the $1,050,000 offer made to the Chapter 7 Trustee on six parcels in Bankruptcy Court; (c) redeeming two of the six

parcels so Troy could only complete the in rem on four parcels; said principals of debtor greatly diminished the ability to obtain an offer better than $762,000.

(14)    As set forth in paragraph "14" of the Broker's Affidavit and Exhibits E and F of said Affidavit, the Troy City Council awarded the sale of the four parcels to David Mulinio and/or Assigns for $762,000 subject to Bankruptcy Court approval (Exhibits E and F are copies of Certified Ordinances approving the sale per the contract terms contingent upon Bankruptcy Court approval).

(15)    Given the stance taken by debtor and either or both principals of debtor, and the efforts taken by real estate broker Dean Heer in marketing and obtaining a contract to sell the four parcels for $762,000; one can only conclude (a) good faith efforts were used to market and sell the four parcels of land formerly owned by Ardex; and (b) sale of said four parcels for $762,000 should be approved.

**WHEREFORE**, Troy respectfully requests an Order (a) confirming the marketing of the four parcels and resultant contract for sale for $762,000 complies with this Court's Order dated January 13, 2023 (Docket 61); (b) confirming good faith efforts were used by Troy to market the four Pawling Avenue, Troy, New York parcels resulting in a sale price of $762,000; and (c) for such other and further relief as this Court deems just and proper.

DATED:    APRIL 26, 2024    BY: _____
          TROY, NEW YORK        EDWARD R. MARINSTEIN
                                BAR ROLL NO. 508224
                                MARINSTEIN & MARINSTEIN, ESQS., PLLC
                                ATTORNEYS FOR CREDITOR
                                CITY OF TROY, NEW YORK
                                22 FIRST STREET - P.O. BOX 155
                                TROY, NEW YORK  12181-0155
                                TELEPHONE:  (518) 274-5034