UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

In re:                                                    HEARING DATE:      MAY 29, 2024
                                                          HEARING TIME:      9:15 AM
    ARDEX INTERNATIONAL COMPANY              HEARING LOCATION: ALBANY, NEW YORK

                                      Debtor.       CASE NO. 22-10312
-------------------------------------------------------------             CHAPTER 7


-------------------------------------------------------------

REPLY AFFIDAVIT OF CITY OF TROY

-------------------------------------------------------------

STATE OF NEW YORK          )
COUNTY OF RENSSELAER       ) SS.:


        Edward R. Marinstein being duly sworn deposes and says:

    1.    I am an attorney duly admitted to practice law before the Courts of the State of New York and the United States Bankruptcy Court for the Northern District of New York, and am a member of the law firm of Marinstein & Marinstein, Esqs., PLLC, attorneys for City of Troy, New York (hereinafter referred to as "Troy").

    2.    This affidavit is being submitted in Reply to the Affirmation of Terrance P. Christenson, Esq. dated May 21, 2024 and the Response of Michael J. O'Connor, Chapter 7 Trustee dated May 21, 2024.

    3.    Mr. Christenson states it is unreasonable for Troy to offer the property for sale "as is" without an environmental assessment and by quit claim deed as there is no statutory requirement to transfer "as is" by quit claim deed. Said statement is not accurate. Attached hereto and made a part hereof is Exhibit 3 being a copy of Troy Code of Ordinances §83-5 (Property, City-Owned Surplus City Property Terms of Sale) Section 83-5(B)(1) states "The property will be sold

-1-

as is." Furthermore Section 83-5(B)(8) explains what "The quit claim deed shall contain..."

4. Clearly based on the Troy Code of Ordinances, Troy owned the Property (after in rem proceedings Troy owns the property) and is required to sell "as is" by quit claim deed.

5. Being the nature of in rem proceedings, the Chapter 7 Trustee's claim the deed to debtor's parcels was inartfully drawn, the fact that on information and belief the property was the site of a perfume factory, and the within bankruptcy, it is only reasonable a City would sell a property "as is" and by quit claim deed.

6. Furthermore, it is very difficult to get title insurance until two years after the in rem deed is recorded in the locality's name. Pursuant to New York State Real Property Tax Law §1137, there is a presumption that the in rem proceedings were regular according to the law and not conclusive until after two years from the date of recording the deed by the locality. This is a statute of limitations to challenge the in rem proceeding. Based on prior experience, I am aware that it is difficult to find a title insurance company that will issue title insurance on the quit claim in rem deed until the two year period has expired. In the case at hand, said two year period will not expire until on or about March 23, 2025.

7. Based on the above, Troy did not undercut the marketing process. Troy was bound to the Troy City Code and New York State Real Property Tax law to sell the property "as is" by quit claim deed.

8. Trustee O'Connor claims there were two parcels not included in the lift stay motion. This is not an accurate statement. All six parcels were part of the lift stay motion (see Exhibits 1 and 2 of the moving papers being the Order Granting Relief from Stay and Order Denying Motion to Reconsider which are dockets 61 and 72). Two of the parcels were redeemed after the lift

stay motion.

9. Only Troy submitted an affidavit of someone with the background and expertise (real estate broker) to testify whether the sales price was reasonable.

10. On information and belief, the Ardex property was a perfume factory. In the event environmentals took place and the ground was found to be contaminated, who knows what price a potential buyer would offer. A claim that the property would elicit a higher price is pure speculation. It is also speculation that the two parcels previously redeemed will not be redeemed again by June 21, 2024.

11. Troy acted reasonable and in good faith in finding a purchaser who would buy the property "as is where is" by quit claim deed.

WHEREFORE, it is respectfully requested that this Court issue an Order granting the relief requested and such other and further relief as this Court deems just and proper.

Edward R. Marinstein

Sworn to before me this
22nd day of May, 2024.

MARY ANNE McHARG
NOTARY PUBLIC, STATE OF NEW YORK
NO 01MC5054328
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES 01/08/2026