# MARINSTEIN & MARINSTEIN, ESQS., PLLC

**Attorneys at Law**

EDWARD R. MARINSTEIN

ELLIOTT F. MARINSTEIN (1928 - 2024)

22 First Street - P.O. Box 155

Troy, New York 12181-0155

(518) 274-5034

Fax (518) 274-5039

www.marinsteinlaw.com

Email Address: law@marinstenattys.com

Service by Fax or Other Electronic
Communication Not Accepted

August 12, 2025

Hon. Robert E. Littlefield, Jr.
United States Bankruptcy Judge
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

Re:   Ardex International Company - Chapter 7 - Case No. 22-10312

Dear Judge Littlefield:

This matter is on for hearing at 9:15 am tomorrow. To date, no party has signed the revised Stipulated Order on Consent. However, the parties are discussing.

The only substantive revision to the prior Stipulated Order on Consent is the change I made to paragraph "11" with regards to surplus monies as discussed at the last hearing on August 7, 2025.

Attached is the latest proposed Stipulated Order on Consent circulated to the parties on August 8, 2025.

Respectfully yours,

EDWARD R. MARINSTEIN

ERM/mam
Enclosures

cc:   Terrance Christenson, Esq.
      Michael Boyle, Esq.
      Christian H. Dribusch, Esq.
      Michael J. O'Connor, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re:

ARDEX INTERNATIONAL COMPANY

                                            Debtor.        CASE NO. 22-10312
-----------------------------------------------------------------        CHAPTER 7

-----------------------------------------------------------------

STIPULATED ORDER ON CONSENT

-----------------------------------------------------------------

On June 13, 2025 the City of Troy, New York (hereinafter referred to as "Troy") filed a letter with the Court requesting a conference be held to finalize terms for a public sale of the six parcels of real property in Troy, New York formerly owned by debtor Ardex International Company (hereinafter referred to as "Ardex") and now owned by Troy as the result of in rem proceedings; and

       A hearing was held on July 1, 2025 to determine whether the proposed Terms of Sale submitted by Troy for marketing and selling said real property would be considered to be marketed

-1-

and sold in good faith and with reasonable speed; and

Edward R. Marinstein, Esq. having appeared on behalf of Troy, Terrance P. Christenson, Esq. having appeared on behalf of Sahag Sukljian, Michael L. Boyle., Esq. having appeared on behalf of Nubar Sukljian, and Christian H. Dribusch, Esq. having not appeared on behalf of debtor, and

An additional hearing was held on August 7, 2025 with appearance of Edward R. Marinstein, Esq. on behalf of Troy, Terrance P. Christenson, Esq. on behalf of Sahag Sukljian, Michael L. Boyle., Esq. on behalf of Nubar Sukljian, Michael J. O'Connor, Chapter 7 Trustee, and Christian H. Dribusch, Esq. having not appeared on behalf of debtor; and upon review of the proposed Terms of Sale and after oral arguments and due deliberation having been had, it is hereby

STIPULATED AND ORDERED that the marketing and public sale by Troy of the six Ardex parcels shall be considered marketed and sold in good faith and with reasonable speed as long as there is compliance with the following terms:

1. All six parcels shall be offered for public sale together.

2. There will be a minimum bid price of $1million. If there are no bids, a new public sale will be held.

3. Prospective purchasers shall be given adequate time to conduct a reasonable inspection of the real property prior to the public sale by a reputable firm including environmentals. With respect to substantial inspections like a Phase 2 Environmental, the City of Troy may require:

    a. Each party to sign a release, indemnification, and hold harmless.

    b. Insurance adding the City of Troy as an additional insured such as $1 million for pollution coverage, $2 million for liability, $5 million umbrella policy.

      c.    Labor Law indemnification

      d.    Parties to put the property back to the condition it was found prior to the inspection.

      e.    Each party conducting the inspection shall share the results with the City of Troy. The City of Troy will be allowed to share the results with others. Only one of a given type of inspection by a reputable firm will be allowed.

4. All inspections must be completed within 60 days from the date the broker is to commence marketing. The date broker is to commence marketing is five days after the Order herein is approved by the Court. Troy can commence advertising for public sale prior to the 60 days expiring as long as the sale is not held prior to the expiration of the 60 days.

5. Property will be sold by Quit Claim deed "As Is" without warranty as to title or condition.

6. Disposition of any personal property located on any parcel shall be the sole responsibility of the successful Purchaser.

7. The Public Sale shall be advertised in the newspaper in accordance with Section 231 of the New York State Real Property Actions and Proceedings Law.

8. The date of sale will be in accordance with Section 231 of the New York State Real Property Actions and Proceedings Law.

9. A real estate broker shall market the property for sale in the newspaper, online and through the multiple listing service. The broker will also contact all those who previously bid on the property. A broker has already been approved.

10. The payment of real property tax liens with interest and penalties, brokers fees, marketing fees, costs to sell the property and the costs to maintain the property (including documented fencing costs and documented Troy laborers' overtime costs for securing the property) and legal fees shall be deducted from the sale proceeds.

11. In the event surplus monies exist after deduction from the sales proceeds as itemized in paragraph "10" herein, said surplus will be

released as follows: (a) 50% to the attorney for Sahag Sukljian who is currently Terrance P. Christenson, Esq., and (b) 50% to the attorney for Nubar Sukljian who is currently Michael L. Boyle, Esq. Each of said attorneys are to hold said money in escrow until either (a) the two parties agree on how to split the surplus monies, or (b) a New York State Supreme Court Order determines how the surplus monies are to be divided, or (c) in the event the parties are at a stalemate, either party can provide 30 days written notice to the other party that if an agreement is not reached as to how to split the surplus monies within 30 days, an interpleader action will be commenced and the parties shall be required to deposit the money held in escrow into Rensselaer County Supreme Court. "Parties" for this paragraph shall be defined as the attorney for Sahag Sulkjian and the attorney for Nubar Sulkjian.

12. Sale shall be a live public sale.

13. City Council approval of the winning bid is required.

14. A 10% deposit shall be required at the Public Sale.

15. Term of Sale will comply with the applicable provisions of Troy City Ordinance 83-5 unless said ordinance is not in agreement with New York State Law.

16. The former owner(s) of the property or their agent(s) shall not be permitted to bid on the property.

Dated: August ___, 2025

_____
Edward R. Marinstein, Esq.
Attorney for the City of Troy

Dated: August ___, 2025

_____
Terrence P. Christensen, Esq.
Attorney for Sahag Sukljian

Dated: August ___, 2025

          _____
Michael L. Boyle, Esq.
Attorney for Nubar Sukljian

Dated: August ___, 2025

          _____
Christian H. Dribusch, Esq.
Attorney for Debtor
Ardex International Company

Dated: August ___, 2025

          _____
Michael J. O'Connor, Esq.
Chapter 7 Trustee

###